**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

)
**RAY BERNARD WILLIAMS,**                    )
                                             )
                **Plaintiff,**               )
                                             )
     **v.**                                  )     **Civil Action No. 15-719 (GK)**
                                             )
**DISTRICT OF COLUMBIA, et al.,**            )
                                             )
                **Defendant.**               )
                                             )

## MEMORANDUM OPINION

Plaintiff Ray Bernard Williams brings this action against the Government of the District of Columbia ("the District"), Metropolitan Police Officer Daniel Merritt ("Merritt"), and Metropolitan Police Officer Cory Bines ("Bines") (collectively, "Defendants"), alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as numerous common law claims, in relation to the February 22, 2014 arrest of Mr. Williams.

This matter is before the Court on the Defendant's Partial Motion to Dismiss Complaint [Dkt. No. 6]. Upon consideration of the Motion, Response [Dkt. No. 15], Reply [Dkt. No. 17], and the entire record herein, and for the reasons set forth below, the Motion shall be **granted**.

1

## I.    Background

### A.    Factual Overview[1]

On the evening of February 22, 2014, Plaintiff was stopped, detained, arrested, and imprisoned by Defendant Officers Merritt and Bines at the liquor store located at 1726 Columbia Rd NW, in Washington, D.C. See Compl. ¶ 10. Plaintiff alleges that the stop, detention, arrest, and imprisonment were not supported by reasonable suspicion, probable cause, or legal justification. Id. ¶ 11. Plaintiff also alleges that the officers used excessive force in executing the detention and arrest, resulting in injuries to Plaintiff that include but are not limited to: a broken nose, two black eyes, and injuries to the sides of his head, face, and body. Id. ¶¶ 12-13.

After his arrest, Plaintiff was charged with Assault and Assaulting, Resisting or Interfering with a Police Officer. Id. ¶ 14. The Office of the United States Attorney entered a nolle prosequi in the case on March 14, 2014. Id. ¶ 16.

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008); Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint [Dkt. No. 1-2].

**B.    Procedural Background**

Plaintiff initially filed the present case in Superior Court for the District of Columbia on February 19, 2015.[2] See Compl. Defendants jointly removed the case to the United States District Court for the District of Columbia on May 12, 2015, pursuant to 28 U.S.C. 1441(a). See Joint Notice of Removal [Dkt. No. 1]. Plaintiff alleges violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as common law claims of: assault and battery; false arrest; false imprisonment; intentional infliction of emotional distress; negligent infliction of emotional distress; negligence; negligent supervision, retention, and training; and respondeat superior liability. See Compl. ¶¶ 19-68.

Defendants filed the present Partial Motion to Dismiss on May 26, 2015. Plaintiff filed his Response on June 18, 2015, and Defendants filed their Reply on June 26, 2015. On October 6, 2015, without seeking leave of the Court, Plaintiff filed an Amended Response [Dkt. No. 24]. Defendants filed a Motion to Strike the Amended Response ("Mot. to Strike") on October 21, 2015 [Dkt. No. 28]. Plaintiff filed an Opposition to the Motion to Strike on

---

[2] The time stamp by the Superior Court is dated February 19, 2014, which appears to be in error. The signature date is February 19, 2015, and appears to be the correct date.

November 9, 2015 [Dkt. No. 29], and Defendants filed a Reply in Support of Motion to Strike on November 19, 2015 [Dkt. No. 31].

## II.   Legal Standards

### A.   Standard of Review under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.

Under the Twombly standard, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiffs' success . . . [,] must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [, and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted). The court does not, however, accept as true "legal conclusions or inferences that are unsupported by the facts alleged." Ralls Corp. v. Comm. on Foreign Inv. in U.S., 758 F.3d 296, 315 (D.C. Cir. 2014) (citation omitted). Furthermore, a complaint which "tenders 'naked

assertion[s]' devoid of 'further factual enhancement'" will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557) (alteration in Iqbal).

## III. Analysis

### A.    Amended Response

As an initial matter, the Court **grants** Defendants' Motion to Strike Plaintiff's Amended Response ("Amended Response"). Defendants correctly point out that the Amended Response was filed more than three months after the Partial Motion to Dismiss became ripe for consideration, and without leave of the Court. Mot. to Strike at 1. In any event, the arguments in the Amended Response do not affect the merits or change the outcome of Defendants' Partial Motion to Dismiss.

In response to Plaintiff's First Request for Production of Documents, the District turned over a Use of Force Report based on the underlying incident in this case. Amended Response at 2. The Use of Force Report was completely blank. Id. Plaintiff argues that the failure to complete the Use of Force Report "raises serious concerns as to the training and supervision" of Officers Merritt and Bines. Id. This does not change the fact that Plaintiff's Complaint fails to plead facts sufficient to support his negligent supervision, retention, and training claim. See Mot. at 10; Compl. ¶¶ 61-65.

In addition, Plaintiff seeks to oppose dismissal of Count 7 in the Amended Response, whereas he had conceded dismissal of Count 7 in his initial Response. Amended Response at 5; Response at 3. The reason for this changed position is that "Plaintiff originally mistakenly believed that he could not bring actions for both assault and battery and negligence arising out of the same set of facts." Amended Response at 5. Plaintiff cites to Harvey v. Kasco, 109 F. Supp. 3d 173, 178 (D.D.C. 2015), an opinion that was released one day before Plaintiff's Response was filed, for the proposition that a Plaintiff may plead alternative theories of liability. This proposition of law is not new. Indeed, the Harvey court cites to a 2008 case for this exact proposition. Id. (citing Dingle v. Dist. of Columbia, 571 F. Supp. 2d 87, 99 (D.D.C. 2008)). Plaintiff's misunderstanding of the law is not sufficient justification to permit amending the response.

**B.   Claims**

Plaintiff has affirmatively conceded several of Defendants' arguments. Given that they are uncontested, the Court need only discuss them briefly.

**1.   Fourteenth Amendment**

First, Defendants argue that Plaintiff's Fourteenth Amendment claims against all Defendants fail because the Fourteenth Amendment applies only to the States. Mot. at 5-6. Plaintiff agrees

6

that the Fourteenth Amendment is inapplicable to the District of Columbia. Response at 2.

Plaintiff maintains though, that the Fourteenth Amendment claim alleging excessive force and violations of substantive due process is still applicable to Officers Bines and Merritt. Id. Plaintiffs do not explain why they concede that the District is not covered by the Fourteenth Amendment, but maintain that Officers Merritt and Bines, who were "acting under color of law and authority of the District," are covered by the Fourteenth Amendment. Response at 2; Compl. ¶ 18.

The Fourteenth Amendment "applies only to the states," and does not apply to the District of Columbia. Bolling v. Sharpe, 347 U.S. 497, 499 (1954). If the Fourteenth Amendment does not apply to the District, then it does not apply to employees of the District. Accordingly, the portions of Count 1 relying on the Fourteenth Amendment are **dismissed.**

### 2.   **Fifth Amendment**

Defendants next argue that Plaintiff's Fifth Amendment claim is based entirely on his alleged detention and therefore must be analyzed under the Fourth Amendment. Mot. at 6. A plaintiff may make a substantive due process claim for police misconduct so long as his claim is not "covered by a specific constitutional provision, such as the Fourth or Eighth Amendment." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). "[W]here a

particular Amendment provides an explicit textual source of
constitutional protection against a particular source of
government behavior, that Amendment, not the more generalized
notion of substantive due process, must be the guide for analyzing
these claims." Id. at 842 (internal quotation marks and citation
omitted).

Plaintiff agrees with Defendants' argument. Response at 2.
Therefore, Plaintiff's Fifth Amendment claim in Count 1 is
**dismissed.**

### 3. Eighth Amendment

The Eighth Amendment's protections applies only to persons
"who are subject to punishment by the government, which the Supreme
Court has defined to mean persons against whom the government has
secured a formal adjudication of guilt in accordance with due
process of law." Moreno v. Dist. of Columbia, 925 F. Supp. 2d 93,
100 (D.D.C. 2013) (citing Bell v. Wolfish, 441 U.S. 520, 536 n. 16
(1979) (internal quotation marks omitted)).

Plaintiff was never prosecuted or convicted for any crimes
stemming from the facts of this case, and thus, Defendants argue,
the Eighth Amendment does not apply. Mot. at 7. Plaintiff agrees.
Response at 2. Therefore, Plaintiff's Eighth Amendment claim in
Count 1 is **dismissed.**

### 4.   Municipal Liability

Defendants argue that Plaintiff has not alleged sufficient facts to find municipal liability for constitutional violations. Mot. at 7-8. A municipality may be held liable for a constitutional violation only if the plaintiff alleges facts that indicate his or her injury was caused by a municipal policy or custom. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).

Plaintiff agrees to dismiss the portion of Count 1 alleging municipal liability against the District, Response at 3, and thus, it is **dismissed.**

### 5.   Negligence and Negligent Infliction of Emotional Distress

Defendants argue that Plaintiff's Negligence and Negligent Infliction of Emotional Distress claims are duplicative of his intentional tort claims and should therefore be dismissed. In particular, Defendants argue that Plaintiff "merely repeats his intentional tort claims without identifying any separate duty that would form the basis for a negligence claim." Mot. at 10 (citing Cotton v. District of Columbia, 541 F. Supp. 2d 195, 209 (D.D.C. 2008)). Plaintiff agrees, Response at 3, and Counts 6 and 7 alleging Negligent Infliction of Emotional Distress and Negligence are therefore **dismissed.**

### 6.   Negligent Supervision, Retention, and Training

Defendants argue that Plaintiff has failed to allege any facts in the Complaint to support his Count 8 claim of Negligent Supervision, Retention, and Training. Mot. at 10. Instead, the Complaint merely restates the legal requirements of the claim itself. Id. Plaintiffs concede this argument in their Response. Response at 3. Therefore, Count 8 is **dismissed.**

### 7.   False Arrest and False Imprisonment

Under District of Columbia law, false arrest is indistinguishable from the common law tort of false imprisonment. Dormu v. District of Columbia, 795 F. Supp. 2d 7, 27 (D.D.C. 2011). Defendants argue that these claims should be merged or the false imprisonment claim dismissed. Mot. at 10-11. Plaintiff agrees that the claims are duplicative and that the false imprisonment claim should be dismissed. Response at 3. Accordingly, Count 4 alleging false imprisonment is **dismissed.**

### 8.   Respondeat Superior

Count 9 of the Complaint alleges that the District is liable for the actions of Officers Merritt and Bines pursuant to the common law doctrine of respondeat superior. Compl. ¶¶ 66-68. While the District of Columbia recognizes the doctrine of respondeat superior liability, Defendants argue that it is not a stand-alone tort. Mot. at 11. Rather, the District can be held liable only if it is shown that its employees committed the torts pled in the

Complaint while working in the scope of their employment. See
Convit v. Wilson, 980 A.2d 1104, 1114 (D.C. 2009).

Plaintiff agrees that there is no stand-alone claim for
respondeat superior and agrees to dismiss Count 9. Accordingly,
Count 9 is **dismissed**.

### 9. Punitive Damages

Plaintiff seeks punitive damages in his Complaint, see Compl.
at 15, but "there can be no recovery of punitive damages against
a municipality absent a statute expressly authorizing it." Mot. at
12 (quoting Smith v. District of Columbia, 336 A.2d 831, 832 (D.C.
1975)). There is no such statute in the District of Columbia. See
Caldwell v. Hammonds, 53 F. Supp. 2d 1, 12 (D.D.C. 1999) (citing
City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)).
Plaintiff concedes this with regard to the District, while
reserving his punitive damages claim against the Officers, which
Defendants have not sought to dismiss. Response at 3. Therefore,
the request for punitive damages against the District, but not
Officers Bines and Merritt, is **dismissed**.

## IV.   Conclusion

For the foregoing reasons, Defendants' Partial Motion to Dismiss the Complaint shall be **granted.** An Order shall accompany this Memorandum.


March 30, 2016                          Gladys Kessler
                                        United States District Judge



**Copies to**: attorneys on record via ECF

12